[Cite as *Bill Swad Chevrolet, Inc. v. Dunson*, 2019-Ohio-680.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bill Swad Chevrolet, Inc., | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-233<br>(M.C. No. 2002CVF5950) |
| Ingrid Dunson, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

M E M O R A N D U M   D E C I S I O N

Rendered on February 26, 2019

**On brief:**  *Kevin O'Brien & Associates Co., L.P.A.,* and *Kevin O'Brien*, for appellant.

**On brief:**  *The Legal Aid Society of Columbus, Jacqueline Gutter* and *Scott Torguson*, for appellee. **Argued:** *Jacqueline Gutter.*

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1}  This matter stems from the trial court's granting of a motion to revive filed by a judgment creditor, and a subsequent order setting aside that judgment pursuant to a motion for relief from judgment brought by the debtor.

{¶ 2}  Plaintiff-appellant, Bill Swad Chevrolet, obtained default judgment against defendant-appellee, Ingrid Dunson, on June 12, 2002 in the amount of $4,253.95 plus court costs and interest. Swad did not execute on its judgment, and pursuant to R.C. 2329.07(A)(1), Swad's judgment became dormant on June 12, 2007—five years after entry of judgment.

{¶ 3} At the time Swad obtained its judgment, R.C. 2325.18(A), governing the statute of limitations for revival of a dormant judgment, provided that a creditor could revive a judgment within 21 years from the time it became dormant.

{¶ 4} After Swad obtained default judgment against Dunson, but before that judgment became dormant, the legislature amended R.C. 2325.18(A) to reduce the reviver period from 21 to 10 years. The effective date of the amendment was June 2, 2004. 2003 Am.Sub.H.B. No. 212. Swad filed a motion to revive its dormant judgment on August 14, 2017, more than 10 years but less than 21 years after the judgment had become dormant. This created the central issue in the case, requiring the trial court to determine whether the former 21 year or current 10 year limitation in the reviver statute applied to this dormant judgment.

{¶ 5} On November 3, 2017, the trial court granted the motion for reviver. Dunson filed a notice of appeal to this court, followed by a motion in the trial court for relief from judgment pursuant to Civ.R. 60(B). We granted a motion to remand the matter to the trial court for consideration of the Civ.R. 60(B) motion, which the trial court granted by judgment entered March 5, 2018. The trial court ruled that Swad's time to revive its judgment was subject to the 10-year statute of limitations of the amended statute in effect at the time the judgment became dormant, rather than the 21-year statute in effect at the time the judgment was obtained. Dunson then dismissed her initial appeal to this court. The present appeal by Swad ensued.

{¶ 6} Swad brings the following sole assignment of error:

> THE TRIAL COURT ERRED WHEN IT SUSTAINED THE DEFENDANT-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 7} The present appeal is therefore from the trial court's grant of relief from judgment under Civ.R. 60(B). The party seeking relief from judgment pursuant to Civ.R. 60(B) must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. Arc Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A movant must establish all three of these requirements to obtain relief from judgment. *Bank*

*of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 14. On appeal, we review a trial court's decision to grant or deny Civ.R. 60(B) relief pursuant to an abuse of discretion standard. *Id.*

{¶ 8} The trial court found that Dunson's motion presented a meritorious defense, could be brought under Civ.R. 60(B)(3), and was timely. The issue raised on appeal is the existence of a meritorious defense to oppose Swad's motion for reviver.

{¶ 9} Swad argues that the trial court's interpretation and application of the statutes represents an impermissible and unconstitutional retroactive application of the 2004 amendments. We agree that the amendment to R.C. 2325.18 does not contain a clear express legislative intent to apply the statute retroactively. We further find, however, that the trial court here correctly determined that the statute is not being applied retroactively in the present matter, because the rights that would be curtailed by application of the statute did not arise at the time the judgment was obtained, but at the time the judgment became dormant.

{¶ 10} "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts." Article II, Section 28, Ohio Constitution. If "there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment." *Kiser v. Coleman*, 28 Ohio St.3d 259, 262 (1986). As a result, a law may be applied retroactively only if (1) the legislature has clearly expressed the intent that it be so applied and (2) it affects a remedial, rather than substantive, right. *State ex rel. Romans v. Elder Beerman Stores Corp.*, 100 Ohio St.3d 165, 2003-Ohio-5363; *Van Fossen v. Babcock & Wilcox Co.,* 36 Ohio St.3d 100 (1988).

{¶ 11} Because the amendments to R.C. 2329.07(A)(1) reveal no express legislative intent to apply them retroactively, we do not reach the question of whether the amendment curtails a remedial rather than substantive right. *Cadles of Grassy Meadows, II, LLC v. Kistner*, 6th Dist. No. L-09-1267, 2010-Ohio-2251, ¶ 17. We are left only with the question of whether the statute is here applied retroactively, which would be impermissible, or merely prospectively.

{¶ 12} Swad argues that its right to a 21-year reviver period vested at the time it obtained its judgment in 2002, and may not be curtailed by the 2004 amendment. Dunson argues to the contrary that it is the date on which the judgment becomes dormant that

determines which version of R.C. 2325.18 must apply. This is a question of first impression in Ohio, at least as to these exact facts.

{¶ 13} Several Ohio courts have addressed the question of which reviver limitation must apply to a judgment *already dormant* at the time of the 2004 amendments. On the whole, courts have found that the former version of R.C. 2325.18 must govern, the right to a given duration for reviver having vested at the time the judgment became dormant. *Cadles*; *Franks v. Meyers*, 6th Dist. No. WD-14-035, 2015-Ohio-703; *Selwyn v. Grimes*, 8th Dist. No. 101252, 2014-Ohio-5147. One case, however, held to the contrary, opining that a judgment that became dormant in 2001 was nonetheless subject to the 2004 amendments and 10-year limitation, although ultimately the motion for reviver was timely under either standard. *Thomson v. Scott Bayer dba Bayer Plumbing & Heating*, 5th Dist. No. 08-CA-89, 2009-Ohio-4955.

{¶ 14} Significantly, in *Franks*, the Sixth District Court of Appeals expressed in dicta a clear intimation that amended R.C. 2325.18(A) would apply to judgments that became dormant after the effective date of the amendments: " '[R.C. 2325.18(A)] was not intended to apply to dormant judgments that existed as of June 2, 2004. Therefore, the prior version of the statute, which provided for a 21-year statute of limitation, controls this case.' " *Franks* at ¶ 8, quoting *Cadles* at ¶ 17.

{¶ 15} Only accrued causes of action present vested, substantive rights that the legislature cannot retroactively extinguish through imposition or modification of a statute of limitations or repose. *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, ¶ 24, 29; *Gregory v. Flowers*, 32 Ohio St.2d 48, 58 (1972). The cause of action here is not the underlying action on a debt; it is the right to revive a dormant judgment. That cause of action cannot vest until there is a *dormant* judgment to revive, just as a cause of action for medical malpractice cannot vest until injury is discovered. *See generally*, *Ruther* at ¶ 25. There is no property or contractual right in an unaccrued claim. *Id.* Swad accrued no statutory right of reviver under either version of the statute until its judgment became dormant. At that time, the amended statute had taken effect and the applicable statute of limitations for revival was 10 years. The trial court did not err in so holding.

{¶ 16} Under the above interpretation of the statutory amendments, we find that Dunson met the requirements for relief from judgment under Civ.R. 60(B), and the trial

court did not abuse its discretion in granting such relief. Dunson presented a meritorious defense in the form of the statute of limitations that would bar reviver, she was entitled to relief under Civ.R. 60(B)(5), and made her motion within a reasonable time. The trial court's judgment denying revival of Swad's judgment is affirmed and the sole assignment of error is overruled.

*Judgment affirmed.*

BRUNNER, J., concurs.
DORRIAN, J., concurs in judgment only.