[Cite as *Covender v. State*, 2023-Ohio-172.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOEL COVENDER

    Appellant

    v.

STATE OF OHIO

    Appellee

C.A. No.     21CA011780

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13 CV 181182

DECISION AND JOURNAL ENTRY

Dated: January 23, 2023

---

HENSAL, Presiding Judge.

{¶1} Joel Covender appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to the State of Ohio on his wrongfully-imprisoned-individual action under Revised Code Section 2743.48. For the following reasons, this Court reverses.

I.

{¶2} In 1996, a jury found Mr. Covender guilty of committing felonious sexual penetration and gross sexual imposition against six-year-old A.S. and five-year-old J.S. In July 2007, however, the trial court granted Mr. Covender a new trial in both cases based on the recantation of testimony of the two alleged victims. This Court later reversed the granting of a new trial as to A.S., concluding that she had not actually recanted her testimony. In August 2007, the trial court dismissed the charges in the case involving J.S.

{¶3} Mr. Covender filed additional motions for new trial in the case involving A.S., and the trial court granted one of them in 2013. The case involving A.S. proceeded to a bench trial in

October 2014. Based on the evidence that was presented at the retrial, the trial court found that the State failed to meet its burden of proof and found Mr. Covender not guilty of the offenses.

{¶4} Meanwhile, in August 2013, Mr. Covender filed a complaint to be declared a wrongfully imprisoned person under Revised Code Section 2743.48 based on the case involving J.S. After he was found not guilty in the case involving A.S., he amended his complaint to add that case, and both parties thereafter moved for summary judgment. The trial court granted judgment to the State, but this Court reversed because its judgment entry lacked any explanation or analysis. *Covender v. State*, 9th Dist. Lorain No. 18CA011355, 2019-Ohio-3715. On remand, the trial court granted summary judgment to the State again, concluding that Mr. Covender had not filed his complaint involving J.S. within the six-year statute of limitations period and that he had not established his actual innocence of either of the charged offenses. Mr. Covender has appealed, assigning four errors. We will address the third and fourth assignments of error together because they both address whether Mr. Covender established that he did not commit the offenses.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED SINCE COVENDER TIMELY FILED HIS COMPLAINT ON AUGUST 15, 2013[,] BECAUSE AN R.C. 2743.48 CLAIM DOES NOT ACCRUE UNTIL THE UNDERLYING CRIMINAL CASE IS *PERMANENTLY* VACATED, DISMISSED OR REVERSED ON APPEAL PURSUANT TO R.C. 2743.48(A)(4)

{¶5} In his first assignment of error, Mr. Covender argues that the trial court incorrectly determined that he filed his complaint in the case involving J.S. outside of the six-year statute of limitations. The court reasoned that the statute of limitations began to run when it granted Mr. Covender's motion for new trial. According to Mr. Covender, however, his claim did not accrue until the trial court dismissed the charges in that case.

**{¶6}** "The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned. The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10; R.C. 2743.48.

**{¶7}** Both parties contend that Mr. Covender's cause of action in the case involving J.S. accrued in 2007. They disagree, however, whether it occurred when the trial court granted Mr. Covender's motion for new trial or when the case was dismissed a month later. "Normally, a cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is to be commenced begins to run." *State ex rel. Teamsters Local Union 377 v. Youngstown*, 50 Ohio St.2d 200, 203 (1977). Because wrongful conduct does not always result in immediate injury, however, "[t]he corollary rule developed for this situation holds that where the injury caused by wrongful conduct is not immediately apparent and does not immediately result in actual injury, a cause of action does not accrue until actual injury or damage occurs." *C.E. Greathouse & Son, Inc. v. Middleton*, 12th Dist. Butler No. CA 85-05-047, 1986 WL 7391, *4 (June 30, 1986). The "basic statute of limitations rule * * * is * * * a rather simple one—a plaintiff's cause of action cannot accrue, and the statute of limitations thereby begin to run, until all the elements of a cause of action have occurred or are otherwise reasonably manifested." *Id*.; *Kovacs v. Thomson, Hewitt & O'Brien*, 117 Ohio App.3d 465, 469 (9th Dist.1997) ("[T]he existence of the Kovacses' cause of action dates from the point at which all elements of the * * * claim became present[.]").

**{¶8}** In 2007, a person qualified as a wrongfully imprisoned individual under Section 2743.48 if they could establish five requirements. First, the individual had to have been charged

with a violation of the Revised Code that was a felony or aggravated felony. Second, they had to have been found guilty of the charge or a lesser-included offense by a jury or the court and the offense had to be a felony or aggravated felony. Third, they had to have been sentenced to a definite or an indefinite term of imprisonment. Fourth, their conviction had to have been vacated, dismissed or reversed; the prosecuting attorney could not or would not seek further appeal of that decision; and no criminal proceeding had to be pending or could or would be brought by any prosecuting attorney against the individual for any act associated with the conviction. Finally, there either had to have been an error in procedure that resulted in the individual's release or a court of common pleas had to determine that the individual did not commit the offense for which he was found guilty.

{¶9} The first three elements are not in dispute. Mr. Covender was charged and convicted of a felony and was sentenced to a term of imprisonment. Regarding the fourth element, even after he was granted a new trial, Mr. Covender could not establish that he was a wrongfully imprisoned individual until "the prosecuting attorney in the case [could] not or [would] not seek any further appeal * * *, and no criminal proceeding [was] pending, [could] be brought, or [would] be brought by any prosecuting attorney[.]" R.C. 2743.48(A)(4) (2007). The fourth element in the case involving J.S., therefore, did not exist until the charges in that case were dismissed.

{¶10} The trial court wrote that there "is significant precedent that the date of accrual in the wrongful imprisonment case is not dependent upon the outcome or conclusion of the underlying criminal proceeding." None of the cases it cited, however, involved a claim under Section 2743.48. Instead, they involved claims such as abuse of process. *See Haller v. Borror*, 10th Dist. Franklin No. 1993 WL 93APE12-1657, 1994 WL 265660 (June 14, 1994); *Reagan v. City of Alliance*, 5th Dist. Stark No. CA-7069, 1987 WL 11071 (May 4, 1987); *Yaklevich v. Kemp,*

*Schaeffer & Rowe*, 68 Ohio St.3d 294 (1994). "[I]n an action for abuse of process, it is not necessary, ordinarily, to establish that the action in which the process issued has terminated in the plaintiff's favor." *Yaklevich v. Kemp, Schaeffer & Rowe*, 10th Dist. Franklin No. 91AP-1296, 1992 WL 131829, *3 (June 9, 1992). Because the causes of action in the cases the trial court cited involve different elements than the cause of action for wrongful imprisonment, the cases that the trial court relied on are not persuasive.

{¶11} Regarding the fifth element, Mr. Covender's cases do not involve "an error in procedure[.]" R.C. 2743.48(A)(5). Once the other four elements existed, however, he was permitted to seek a determination by the common pleas court that the offenses of which he was charged "either [were] not committed by [him] or [were] not committed by any person" under Section 2743.48(A)(5), which is what Mr. Covender sought in his complaint. *See* R.C. 2305.02 (bestowing jurisdiction on the court of common pleas to determine under Section 2743.48(A)(5) if the offense of which an individual was found guilty was not committed by the individual). Upon review of the record, we conclude that, because Mr. Covender filed his complaint in the case involving J.S. within six years of the other elements of his wrongfully-imprisoned-individual claims, his claim was timely and the trial court incorrectly determined that it was barred by the statute of limitations. Mr. Covender's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING THE STATE OF OHIO'S MOTION FOR SUMMARY JUDGMENT SINCE COVENDER DID SATISFY R.C[.] 2743.48(A)(4) BECAUSE BOTH OF HIS UNDERLYING CRIMINAL CASES WERE VACATED, DISMISSED OR REVERSED ON APPEAL.

{¶12} In his second assignment of error, Mr. Covender argues that the trial court incorrectly determined that his convictions either had to have been vacated on appeal, dismissed

on appeal, or reversed on appeal. The trial court wrote that Mr. Covender had failed to satisfy the requirements of Section 2743.48(A)(4) because his convictions "were affirmed on appeal."

{¶13} At the time that Mr. Covender filed his complaint in 2013, Section 2743.48(A)(4) provided that a wrongfully imprisoned individual had to satisfy that his conviction "was vacated, dismissed, or reversed on appeal * * * *." The State argued, and the trial court agreed, that the words "on appeal" related back to each term in the preceding series thus making the sentence read "vacated on appeal," "dismissed on appeal," or "reversed on appeal." The statute, however, did not always contain that specific language. As noted under the first assignment of error, Mr. Covender's cause of action in the case involving J.S. accrued in 2007. At that time, Section 2743.48(A)(4) provided that an individual had to establish that their conviction "was vacated or was dismissed, or reversed on appeal * * * *." We must apply that version of the statute to Mr. Covender's claim involving J.S. because Mr. Covender's claim vested at the time his cause of action accrued and the Ohio Constitution prohibits the General Assembly from making retroactive laws. Ohio Constitution, Article II, Section 28; *Pivonka v. Corcoran*, 162 Ohio St.3d 326, 2020-Ohio-3476, ¶ 27 ("This nonretroactivity clause protects vested rights from new legislative encroachments and nullifies a new statute that creates burdens, duties, obligations or liabilities that did not exist when the statute became effective."); *Bill Swad Chevrolet, Inc. v. Dunson*, 10th Dist. Franklin No. 18AP-233, 2019-Ohio-680, ¶ 15 ("[A]ccrued causes of action present vested, substantive rights that the legislature cannot retroactively extinguish[.]").

{¶14} A plain language reading of the version of the statute that was in effect in 2007 demonstrates that an individual could satisfy subsection (A)(4) if their conviction was vacated, if their conviction was dismissed, or if their conviction was reversed on appeal. Mr. Covender's conviction was vacated when the trial court granted his motion for new trial. We, therefore,

conclude that the trial court incorrectly determined that Mr. Covender could not satisfy former Section 2743.48(A)(4) in the case involving J.S. because his conviction was not vacated on appeal, dismissed on appeal, or reversed on appeal.

{¶15} Regarding the case involving A.S., Mr. Covender's claim did not accrue until he was found not guilty of those charges in 2014. By that time, Section 2743.48(A)(4) had been amended to provide that the individual's conviction had to have been "vacated, dismissed, or reversed on appeal[.]" The State argues that, under this language, the vacating, dismissal, or reversal had to have happened "on appeal" and not subsequently. It cites *Paroline v. United States*, 572 U.S. 434 (2014), in support of its argument that "on appeal" modifies each of the preceding terms. *Paroline*, however, recognized that there are competing canons of construction that could apply to such situations. Under the "grammatical rule of the last antecedent," "a limiting clause or phrase * * * should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Id*. at 447, quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). Applying that canon, "on appeal" would modify only the term "reversed" and not the terms "vacated" or "dismissed[.]" On the other hand, a different canon provides that, if "several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Id*., quoting *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920). Applying that canon, "on appeal" would modify all three of the preceding terms.

{¶16} When the General Assembly modified Section 2743.48(A)(4) in 2012, it removed the words "or was" after the word "vacated" and replaced them with a comma. Upon review of the changes, it would appear that the amendment was more likely intended to replace the grammatically clunky phrase "was vacated or was dismissed, or reversed on appeal" with the better

flowing "vacated, dismissed, or reversed on appeal," and was not intended to make a substantive change to the law. This interpretation is also consistent with Section 1.11's instruction that "[r]emedial laws * * * shall be liberally construed in order to promote their object and assist the parties in obtaining justice." R.C. 1.11; *Clark v. Scarpelli*, 91 Ohio St.3d 271, 275 (2001) (explaining that remedial legislation must be construed liberally to give effect to its legislative purpose).

{¶17} The State's construction of Section 2743.48(A)(4) would preclude anyone whose conviction was overturned on post-conviction relief from seeking relief under Section 2743.38. The current version of Section 2743.48, however, which still contains the "vacated, dismissed, or reversed on appeal" language that was in effect at the time Mr. Covender filed his case involving A.S., specifically mentions violations of the *Brady* Rule. Ordinarily, *Brady* claims cannot be established on direct appeal, however, because they require defendants to prove that the government withheld evidence that was favorable and material to their defense and the record on direct appeal is limited to what was presented at trial. R.C. 2743.48(A)(5); *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 19, citing *Smith v. Cain*, 565 U.S. 73, 75 (2012); *State v. Rivera*, 9th Dist. Lorain No. 06CA008909, 2007-Ohio-2156, ¶ 20 ("[T]he appellate court is limited to facts that appear in the record before the trial court."). Accordingly, we conclude that the trial court incorrectly concluded that Mr. Covender could not satisfy the requirements of Section 2743.48(A)(4) because his convictions had not been vacated, dismissed, or reversed in his direct appeal. Mr. Covender's second assignment of error is sustained.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE/STATE OF OHIO'S MOTION FOR SUMMARY JUDGMENT BECAUSE COVENDER SATISFIES THE ACTUAL INNOCENCE TEST UNDER O.R.C. 2743.48(A)(5).

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT DENIED COVENDER'S MOTION FOR SUMMARY JUDGMENT SINCE HE DID SATISFY R.C. 2743.48(A)(1)-(5).

{¶18} In his third assignment of error, Mr. Covender argues that the trial court incorrectly granted summary judgment to the State on the issue of whether he had shown he is innocent of the offenses of which he was charged and imprisoned. In his fourth assignment of error, Mr. Covender argues, likewise, that the court incorrectly denied his motion for summary judgment because he established his innocence. The trial court wrote that it "finds Covender has not shown actual innocence in either [c]ase[.]"

{¶19} Under Civil Rule 56(C), summary judgment is appropriate if:

[n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶20}** A claimant may not rely "solely on a judgment of acquittal to establish actual innocence." *Doss*, 135 Ohio St.3d 211, 2012-Ohio-5678, at ¶ 13, citing *Walden v. State*, 47 Ohio St.3d 47 (1989). Such "judgment is not to be given preclusive effect, because an acquittal is a determination that the state has not met its burden of proof. It is not necessarily a finding that the accused is innocent." *Id*. at ¶ 14. Instead, "a claimant advancing a wrongful-imprisonment claim 'must affirmatively prove [his] innocence by a preponderance of the evidence.'" *Id*., quoting *Walden* at 52. "The General Assembly requires a showing of innocence to be made affirmatively and adjudicated de novo before a claimant can be found to be eligible for compensation in a wrongful-imprisonment action." *Id*. at ¶ 21.

**{¶21}** In opposition to the State's motion for summary judgment and in support of his own motion, Mr. Covender submitted multiple documents, including affidavits and filings from his criminal cases. One of the affidavits he submitted was his own, averring that he did not commit the offenses of which he was convicted and noting that he had always maintained his innocence.

**{¶22}** Mr. Covender also submitted affidavits from J.S. and A.S. According to the affidavit of J.S., he remembered at some point going from living with his mother and Mr. Covender to with one of his grandmothers. He remembered his grandmother taking him to speak with a police detective and that he was uncomfortable during the questioning. He averred that Mr. Covender treated him well and never hurt him or touched him in an inappropriate manner, including never touching him in his private areas. He said that, although he apparently told the police that Mr. Covender had touched him while he was playing in a backyard playhouse, the playhouse would have been too small for an adult to fit inside. He recalls being questioned by many different people and wanting to please them and his grandmother. He felt pressure to say what they wanted him to say.

**{¶23}** According to the affidavit of A.S., she does not remember making any of the statements that she allegedly made and does not recall understanding what molestation meant. She remembered Mr. Covender being a good father and that he never hurt her or touched her in an inappropriate manner. She remembered going to court and wanting to please the people that had been questioning her. She averred that Mr. Covender had never molested her or touched her inappropriately, that she would remember such an event if it had happened, that Mr. Covender had always treated her well, and that she felt pressure from grownups to say what they wanted her to say.

**{¶24}** Mr. Covender also submitted a document that J.S. had sent to the adult parole authority, indicating that he had never been hurt or mistreated by Mr. Covender, that he remembered making things up about Mr. Covender's alleged crimes, and explaining that he had told lies because he did not want to be separated from his sister.

**{¶25}** Mr. Covender also submitted part of J.S.'s testimony from the hearing on his motion for new trial and from the second trial of the charges involving A.S. J.S. testified that he had lied about a lot of things when he was five years old, that he had lied about the accusations he made of Mr. Covender, and that Mr. Covender had never touched him inappropriately. J.S. explained that, because A.S. had been taken away after saying certain things, he said them too so that he could be taken away as well and rejoin his sister. He indicated that none of his family members, however, forced him to make any of his accusations.

**{¶26}** Mr. Covender also submitted A.S.'s testimony from the hearing on his motion for new trial and from the second trial of the charges involving her. A.S. testified that she had a problem with telling lies as a child and may have been lying about what she had told her grandmothers about Mr. Covender's alleged actions. She testified that Mr. Covender did not touch

her in any places that were not appropriate and that he was innocent of any offenses. She also testified that she had been constantly pushed to bend what she was saying about Mr. Covender. A.S. conceded that she did not recall much about her childhood and that she did not have an independent recollection of whether anything had happened but believed she would remember such events if they had happened. Mr. Covender also submitted a document that A.S. had sent to the adult parole authority, indicating that, although she could not remember much about her childhood, she recalled Mr. Covender being a kind and gentle man.

{¶27} Mr. Covender further submitted the affidavit of D.S., the biological father of both J.S. and A.S. According to D.S., he witnessed the children's grandmothers pressuring and coercing A.S. to testify as she did in the original trial, instructing her on what to say Mr. Covender did to her, and saw them repeatedly reading a book about child molestation to A.S. Mr. Covender also submitted a 1994 service plan review of A.S. by the Center for Children and Youth Services that indicated that A.S. needed to work on her behaviors, including lying.

{¶28} According to Mr. Covender, because J.S. and A.S. were young children at the time that they testified, they were susceptible to pressure and manipulation from adults, lessening their credibility, especially here where D.S. witnessed such acts. Mr. Covender notes that, now that J.S. and A.S. are grown adults, they have repeatedly told the truth of what happened, which is that he did not commit any of the alleged offenses. The State, however, argues that this Court has already determined that A.S.'s testimony from the hearing on Mr. Covender's motion for new trial did not constitute a recantation. It also argues that just because the trial court acquitted Mr. Covender of the charges involving A.S. does not mean that he has proven actual innocence. The State argues that, considered as a whole, the evidence refutes Mr. Covender's claims that he is innocent or that a crime did not occur.

{¶29} In ruling on a motion for summary judgment, "the court is limited to examining the evidence 'taking all permissible inferences and resolving questions of credibility in plaintiff's favor to determine whether a reasonable jury acting reasonably could find [the elements of the claim].'" *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 121 (1980). When the trial court considered the State's motion for summary judgment, however, it does not appear that the court construed the evidence in a light most favorable to Mr. Covender, resolved issues of credibility in his favor, or gave Mr. Covender the benefit of all permissible inferences. Instead of determining whether a reasonable trier of fact could find that he was innocent of the offenses, it improperly weighed whether Mr. Covender "demonstrated his actual innocence in the briefing before it" and made a "find[ing] [that] Covender has not shown actual innocence in either Case[.]" *Lakeview Loan Servicing, L.L.C. v. Dancy*, 9th Dist. Summit No. 27889, 2016-Ohio-7106, ¶ 18 ("[I]t is improper for a trial court to make findings of fact in order to resolve a disputed issue during a summary judgment proceeding.").

{¶30} Upon review of the record, we conclude that the evidence submitted by Mr. Covender establishes there is a genuine issue of material fact whether he did not commit the offenses of which he was convicted or that no one committed the offenses. R.C. 2743.48(A)(5). We, therefore, conclude that the trial court incorrectly granted summary judgment to the State. On the other hand, because we cannot assume that the affidavits submitted by Mr. Covender are credible when considering his motion for summary judgment, we conclude that the trial court correctly denied Mr. Covender's motion for summary judgment. Mr. Covender's third assignment of error is sustained. His fourth assignment of error is overruled.

III.

**{¶31}** Mr. Covender's first, second, and third assignments of error are sustained. His fourth assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

**{¶32}** I respectfully dissent. Because this Court sua sponte raised the issue of which version of R.C. 2743.48(A)(4) applies to Covender's claims under the specific facts of this case, I would give the parties an opportunity to brief that issue. *See State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3227, ¶ 17.

APPEARANCES:

W. SCOTT RAMSEY, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and THOMAS E. MADDEN, Senior Assistant Attorney General, for Appellee.