[Cite as *Kittel v. Hunt*, 2025-Ohio-4570.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jack Kittel

    Appellant

v.

Diana Kay Hunt

    Appellee

Court of Appeals No. {48}L-24-1294

Trial Court No. DR 1987-1247

**DECISION AND JUDGMENT**

Decided: September 30, 2025

\* \* \* \* \*

Jeremy W. Levy and Anthony J. Richardson, II, for appellant.

John C. Filkins, for appellee.

\* \* \* \* \*

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment by the Lucas County Court of Common Pleas, Domestic Relations Division, which denied the motion for relief from judgment by plaintiff-appellant Jack A. Kittel sought against defendant-appellee Diana Kay Hunt.[1] For the reasons set forth below, this court reverses the trial court's judgment.

---

[1] Defendant-appellee was formerly known as Diana Kay Kittel, *Kittel v. Kittel*, 1991 WL 77498, \*3 (6th Dist. May 10, 1991), *jurisdiction overruled*, *Kittel v. Kittel*, 62 Ohio St.3d 1471 (1991), and Diana K. Loss, *Kittel v. Loss*, 1993 WL 77187, \*1 (6th Dist. Mar. 19, 1993).

**{¶ 2}** Appellant asserts two assignments of error:

1.      Appellant should be granted relief under Civ.R. 60(B)(4).

2.      Appellant should be granted relief under Civ.R. 60(B)(5).

## I. Background

**{¶ 3}** In 1987 the parties filed cross-complaints for divorce,[2] which the trial court granted on November 25, 1988. At that time the trial court divided the marital property, determined custody and visitation rights for the minor children, and ordered appellant to pay appellee various sums, such as for alimony and child support.

**{¶ 4}** This litigation arose from the trial court's January 26, 1990 judgment ordering appellant to pay appellee a lump sum of $13, 487.38[3] "for which execution may issue if not paid in 30 days." There is scant evidence in the record before us of what ensued with respect to that judgment over the next 34 years. Then on February 28, 2024, appellant filed a motion for relief from the January 26, 1990 judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5) and R.C. 2329.01 et seq. Appellee opposed the motion, and, without a hearing, on November 28, 2024, the trial court denied appellant's motion.

**{¶ 5}** The trial court provided three reasons for denying appellant's motion for relief from judgment.

---

[2] Assigned case No. DR1987-1247.
[3] The lump sum $13, 487.38 judgment is comprised of six parts: (1) $6,749.93 for child support arrearage, (2) $5,000 for attorney fees, (3) $1,500 for credit card bill reimbursement, (4) $56.50 for "an unpaid bill of the marriage," (5) $157.68 for health care bills, and (6) $23.27 for prescription costs.

2.

{¶ 6} The first reason was because appellant failed to show the existence of a meritorious defense. The trial court found that appellant failed to meet his burden by submitting evidentiary materials, such as affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony, to offer operative facts supporting the relief sought. The trial court further found that an evidentiary hearing was not required where appellant failed to allege sufficient operative facts to support a meritorious defense to the judgment.

{¶ 7} The second reason was because appellant failed to file his motion within a reasonable time. The trial court found that appellant failed to meet his burden by submitting evidentiary materials to demonstrate the timeliness of his motion. The trial court was not persuaded that appellant explained the 34-year delay with the reason being to respond to appellee seeking in January 2024 to enforce the 1990 judgment from a Kentucky court in an amount for over $45,000.[4]

{¶ 8} The third reason was because appellant failed to show his entitlement to relief on the grounds relied upon and as set forth in Civ.R. 60(B)(4). The court found Civ.R. 60(B)(5) inapplicable where Civ.R. 60(B)(4) applied. This reason required the trial court to determine when the January 26, 1990 judgment became dormant and the length of the applicable statute of limitations for appellee to revive and enforce that judgment.

---

[4] Appellant alleged appellee filed a complaint to enforce the 1990 Ohio judgment in the Boone Circuit Court of Kentucky on January 8, 2024. No documents filed with or issued by the Kentucky court are in the record. App.R. 9(A).

3.

**{¶ 9}** The trial court determined the January 26, 1990 judgment "became dormant in 2005" under R.C. 2329.07 as follows:

> The record shows that Defendant's efforts to collect the money in taking the appropriate steps to keep the judgment active by filing: three certificates of judgment on February 20, 1992[5] according to the appearance docket; four certificates of judgment totaling $15,249.93 in 2000 referenced in the Magistrate's Decision journalized on August 19, 2003;[6] and the certificate of judgment for $13,487.38 in 2022.[7]
> . . .
> The Court concludes that the record does support a finding that the four certificates of judgment totaling $15,249.93 filed in 2000[8] became dormant in 2005 as defined by RC. 2329.07 and that the record shows Defendant never filed any action to revive those four certificates of judgment despite the certificate of judgment for $13,487.38 filed in 2022.

**{¶ 10}** The trial court then found that under R.C. 2325.18 in effect on January 26, 1990, the statute of limitations was 21 years after a judgment's five-year lapse into dormancy, and "the enforcement of a judgment, under ordinary circumstances, is not

---

[5] The three February 20, 1992 certificates of judgment are neither attached to the trial court's November 28, 2024 judgment entry nor in the record. App.R. 9(A). No information about each judgment, such as the amounts, is known, as expected under R.C. 2329.02.

[6] The content of the magistrate's decision is neither attached to the trial court's judgment entry nor in the record before us. The journalized entry of a different magistrate's decision ("Upon Remand Pursuant to the 12/19/01 on Objection Filed") is listed for August 18, 2003, in the "appearance docket" for case No. DR1987-1247.

[7] The praecipe for the certificate of judgment was filed by appellee on June 14, 2022. The certificate of judgment was then filed on August 8, 2022, and assigned lien No. LN-2022-9557. The certificate is silent as to whether it was served on appellant.

[8] The trial court itemized the four certificates of judgment by exhibit numbers: Exhibit Nos. 2 and 3, each "file stamped 12/05/2000" and exhibit Nos. 4, and 5, each "dated 11/20/2000." No such exhibits are attached to the court's judgment entry nor in the record before us.

4.

absolutely barred for twenty-six years." Thus, having determined the judgement became

dormant in 2005:

> The Court finds Defendant has twenty-one years, until November 20, 2026 to revive the $5,000.00 Certificate of Judgment dated 11/20/2000 and the $6,749.93 Certificate of Judgment dated 11/20/2000, and until December 5, 2026 to revive the $1,500.00 certificate of judgment file stamped 12/05/2000 and the $2,00.00 certificate of judgment file stamped 12/05/2000.

{¶ 11} Appellant timely appealed.

## II. Standard of Review

{¶ 12} We review the trial court's judgment denying a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8. An abuse of discretion occurs when "a court [is] exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. "To prevail, [appellant] was required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *Hatfield* at ¶ 8.

{¶ 13} The requirements of the three-part test "are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

5.

## III. Analysis

### A. Meritorious Claim or Defense

{¶ 14} The first element under Civ.R. 60(B) requires appellant to "'provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established.'" *Moore v. Moore,* 2018-Ohio-1545, ¶ 22 (6th Dist.), quoting *Kerger & Hartman, LLC v. Ajami*, 2017-Ohio-7352, ¶ 16 (6th Dist.). The evidentiary standard is only that appellant alleges a meritorious claim or defense, not that he proves he will actually prevail.

{¶ 15} We find appellant met the first element under Civ.R. 60(B). Appellant argues the January 26, 1990 judgment became dormant on January 26, 1995 by operation of R.C. 2329.07(B)(1)(b),[9] and then became permanently dormant because "for the next 27 years, Defendant declined to pursue the judgment against Plaintiff." At this stage appellant alleges a meritorious defense because the first copy of a certificate of judgment in the record before us was filed on August 8, 2022, and there are no actions in the record by appellee to revive the dormant judgment between 1995 and 2022. Appellant then alternatively alleges a meritorious defense that assuming the trial court's determination that the original judgment became dormant in 2005 was correct, then it became permanently dormant 10 years later, in 2015, by operation of R.C. 2325.15 and amended

---

[9] "A judgment that is not in favor of the state is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later: . . . (b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code."

6.

R.C. 2325.18(A). Again, there are no actions in the record by appellee to revive the dormant judgment between 2005 and 2022.

## B. Entitlement Under Civ.R. 60(B)(4)

{¶ 16} For his first and second assignments of error, appellant focuses on the second element under Civ.R. 60(B) by arguing the trial court abused its discretion when it denied him relief under Civ.R. 60(B)(4) and (5), respectively, which read:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time . . . . A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 17} We begin with appellant's second assignment of error. Civ.R. 60(B)(5) is a "catchall" basis for relief from judgment and is limited to an extraordinary and unusual case when the interests of justice warrant the relief. *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12. Civ.R. 60(B)(4) is the more specific provision, and appellant may not use Civ.R. 60(B)(5) in addition to Civ.R. 60(B)(4). *Caruso-Ciresi, Inc. v. Lohman,* 5 Ohio St.3d 64 (1983), paragraph one of the syllabus ("Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).").

{¶ 18} Appellant's second assignment of error is not well-taken.

7.

**{¶ 19}** Appellant's first assignment of error argues he is entitled to relief under Civ.R. 60(B)(4). "Civ.R. 60(B)(4) is a procedural mechanism which allows parties to seek relief from judgments that are unmodifiable through substantive law." *Crouser v. Crouser*, 39 Ohio St.3d 177, 178-79 (1988). For appellant to succeed under Civ.R. 60(B)(4), he must show that it is no longer equitable that the judgment should have prospective application, i.e. there are unforeseeable changed circumstances that are not within the control of the parties and that make continued enforcement of the judgment inequitable. *Id.* at 180.

**{¶ 20}** In this matter, relief under Civ.R. 60(B)(4) must be warranted by events occurring after the January 26, 1990 judgment entry. Appellant's argument begins with his allegation that under R.C. 2329.07 in effect at the time, the 1990 judgment became dormant on January 26, 1995, if appellant failed to take the necessary actions to execute on that judgment.

> "If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of the common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor."

*Lorain Nat. Bank v. McGregor*, 1990 WL 129324, *2 (9th Dist. Aug. 14, 1990), quoting R.C. 2329.07 in effect at that time.

8.

**{¶ 21}** Appellant's next argument is that the trial court abused its discretion because appellee not only failed to take the necessary actions to prevent the original judgment's dormancy, but she also failed to take the necessary actions to revive the original judgment's dormancy within the statute of limitations.

**{¶ 22}** As further discussed below, we find the trial court abused its discretion because the record before us does not warrant its decision to deny relief under Civ.R. 60(B)(4). It is well-settled that a court speaks through its journalized entries. *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275 (1955), paragraph three of the syllabus. It is also well-settled that the journal entries prevail over any conflicts with a judge's comments or opinions. *Id.; State v. Potter*, 2021-Ohio-3502, ¶ 13 (6th Dist.).

### 1. Alleged 1990 Certificates of Judgment

**{¶ 23}** In opposition to appellant's first assignment of error, and in chronological order of alleged certificates of judgment, appellee alleges she first "filed certificates of judgment in the Trial Court in January and February of 1990." Assuming those certificates exist and execute on the entire original judgment, then those two certificates would expire five years later under R.C. 2329.07, or January and February of 1995, respectively. However, neither appellant in his briefs, nor the trial court in its opinion, mention them, and they do not appear in the journalized entries for January and February 1990 for case No. DR1987-1247.

**{¶ 24}** Moreover, appellee does not provide us with these certificates, and nothing more is known about them. App.R. 9. While appellant has the primary burden of

9.

providing a transcript for appeal, and it is undisputed no evidentiary hearing occurred, appellee bears some burden for ensuring an accurate record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980), footnote, citing App.R. 9(B). This is particularly true where appellee is relying on pivotal events since January 26, 1990, to claim those events created an unbroken chain of entitlement to enforce the original judgment 34 years later. Appellee's chain of entitlement to enforce the original judgment is anchored by the five-year period stated in R.C. 2329.07.

{¶ 25} Thus, at this point, without resorting to speculation of the appropriate action appellee allegedly took under R.C. 2329.07(B)(1)(b), we find the original judgment become dormant on January 26, 1995. Appellant argues a dormant judgment may only be revived pursuant to R.C. 2325.15, which states:

> When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, . . . such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

We agree. "R.C. 2323.15 gives rise to the right to revive a dormant judgment. R.C. 2325.18 provides a statute of limitation for doing so." *Cadles of Grassy Meadows, II, L.L.C. v. Kistner*, 2010-Ohio-2251, ¶ 16 (6th Dist.).

{¶ 26} Contrary to appellant's argument seeking a 10-year statute of limitations, we must apply the version of R.C. 2325.18(A) in effect on January 26, 1995, the date of dormancy, which "provided for a 21-year statute of limitations for asserting the right to

10.

revivor." *Id.* at ¶ 10. The current version of R.C. 2325.18(A) does not apply to dormant judgments that existed as of June 2, 2004, and has no retroactive application to the dormant judgment in this matter. *Id.* at ¶ 17; *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 27 (a statute establishing substantive rights, obligations, and duties may not apply retroactively); *see Bill Swad Chevrolet, Inc. v. Dunson*, 2019-Ohio-680, ¶ 15 (10th Dist.) (any judgment that is dormant prior to June 2, 2004, is subject to the 21-year statute of limitations to revive the judgment under former R.C. 2325.18(A).).

{¶ 27} There are no journalized entries in case No. DR1987-1247 evidencing that appellee sought to revive the dormant judgment under R.C. 2325.18(A) at any time since January 26, 1995. "Seeking to revive a judgment does not involve the creation of a new action, but merely the institution of a special proceeding within the original action. Such a proceeding is merely remedial and not on the merits." (Citations omitted.) *Cadles* at ¶ 9. Since appellee has never sought to revive the dormant judgment, appellant argues no interest accrues under R.C. 2325.18(B). We agree.

### 2. Alleged 1992 Certificates of Judgment

{¶ 28} The next events allegedly occurred in 1992. While neither appellant nor appellee acknowledge them in their briefs, three certificates of judgment appear in the journalized entries for February 20, 1992, for case No. DR1987-1247 with each entry simply stating, "certificate of judgment." The trial court's entire description of them is "three certificates of judgment on February 20, 1992" with no copies attached to its decision. App.R. 9(A). Nothing more is known about them, and the trial court did not try

11.

to explain them. We do not know whether, for example, the three certificates cover only three of the six parts of the $13,487.38 lump sum judgment and, if so, which three. *See* R.C. 2329.02.[10] To proceed onto the next alleged certificates, the trial court apparently assumed or speculated that somehow they were valid executions of all six parts of the original judgment. Consequently, we find the trial court abused its discretion because of the trial court's speculation of the evidence of an appropriate action by appellee under R.C. 2329.07(B)(1)(b).

{¶ 29} At this point in 1992, we find the evidence warrants the conclusion that original judgment would became dormant on January 26, 1995, and was not extended to 1997.

### 3. Alleged 2000 Certificates of Judgment

{¶ 30} In opposition to appellant's first assignment of error, appellee alleges she "filed certificates of judgment . . . in the Hancock County Common Pleas Court in December of 2000." Appellee does not include copies of those certificates, and they do not appear in our review of the journalized entries for December 2000 for case No. DR1987-1247. App.R. 9(A); *see* R.C. 2329.02. Appellant does not acknowledge them in his briefs.

---

[10] A certificate of judgment shall consist of "the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof."

12.

{¶ 31} However, the trial court acknowledged them in its decision by assuming the four certificates of judgment from 2000 were related to the three certificates of judgment from 1992 without reconciling the inconsistencies to the six parts of the original $13,487.38 lump sum judgment. The trial court restated the contents of the magistrate's 2003 decision and exhibits, but that decision and exhibits are also not included in the record before us. App.R. 9(A). In doing so, the trial court appears to repeat how little the magistrate in 2003 described the existence of four 2000 certificates of judgment[11] that total $15,249.93, not $13,487.38. For example, the trial court stated the existence of "a $2,000 Certificate of Judgment file stamped 12/05/2000 = unknown," without any reconciliation of the "unknown" certificate to anything with the original judgment. In addition, the trial court made no finding of revivor of the dormant judgment under R.C. 2325.15 and R.C. 2325.18(A). Even if we accept for, purposes of R.C. 2329.07, that the 1992 certificates of judgment were valid and extended the judgment dormancy to February 20, 1997, it is undisputed that no revivor action between 1997 and 2000 occurred in case No. DR1987-1247.

{¶ 32} Therefore, at this point we find the evidence warrants the conclusion that the original judgment became dormant on January 26, 1995, with no subsequent revivor.

---

[11] Comprised of (1) "a $1,500.00 Certificate of Judgment file stamped 12/05/2000 = VISA bill . . . is owed reimbursement" and labeled "exhibit No. 2"; (2) "a $2,000 Certificate of Judgment file stamped 12/05/2000 = unknown" and labeled "exhibit No. 3"; (3) "a $5,000 Certificate of Judgment dated 11/20/2000 = alimony award for . . . atty fees un the final divorce action" and labeled "exhibit No. 4"; and (4) "a $6,749.93 Certificate of Judgment dated 11/20/2000 = Child support and alimony arrears through 12-18-89" and labeled "exhibit No. 5."

13.

**4. Alleged 2022 Certificate of Judgment**

**{¶ 33}** In opposition to appellant's first assignment of error, appellee finally alleges she "filed a certificate of judgment in 2022 in an attempt to collect on the outstanding judgment." Appellant disputed it: "On June 16, 2022, Defendant filed a Certificate of Judgment and Praecipe for Certificate of Judgment for which service on Plaintiff was never perfected, and no hearing was held. Accordingly, the judgment remained dormant, and no lien was issued."

**{¶ 34}** We note that for the first time, the record contains a copy of a certificate of judgment, this one dated June 16, 2022, and filed on August 8, 2022, in the journalized entries for case No. DR1987-1247, which simply describes it as "certificate of judgment filed." The 2022 certificate appears to comply with R.C. 2329.02, such as the case number, the parties' names and addresses, the January 26, 1990 date of judgment, the $13,487.38 judgment amount, and was assigned lien No. LN-2022-9557. The trial court did not reconcile the inconsistencies with the four alleged 2000 certificates or any prior alleged certificates.

**{¶ 35}** In any event, the trial court found the 2022 certificate of judgment was unenforceable due to appellee's failure to first revive the dormant judgment. "Upon becoming dormant, an Ohio judgment may not be enforced and has no legal effect unless the judgment can be revived in accordance with Ohio law." *Cadles*, 2010-Ohio-2251, at ¶ 9 (6th Dist.). Appellee does not dispute the trial court's decision. We agree. We find that the original judgment became dormant on January 26, 1995, and the 21-year period for

14.

appellee to revive that judgment expired on January 26, 2016, which was well before appellee filed the 2022 certificate.

{¶ 36} We find appellant met the second element under Civ.R. 60(B), and appellant's first assignment of error is well-taken.

### C. Timeliness

{¶ 37} We next address the third element under Civ.R. 60(B), which requires appellant to file his motion within a reasonable time. "The movant bears the burden of submitting factual material which demonstrates the timeliness of the motion." *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 53 (9th Dist. 1991). Appellant argues the January 26, 1990 judgment had been dormant "far beyond any statutory period for revival" and, thus, no action under Civ.R. 60(B) was necessary. Appellant argues the 2022 certificate of judgment was essentially void by operation of law because it was done without first successfully reviving the dormant judgment and without notice to appellant to show cause why the judgment should not be revived under R.C. 2325.17, citing *State v. Moore*, 2021-Ohio-1616, ¶ 10-11 (6th Dist.). The trial court agreed when it found that the certificates of judgment from 2000 became dormant in 2005, "and the record shows Defendant never filed any action to revive those four certificates of judgment despite the certificate of judgment for $13,487.38 filed in 2022."

{¶ 38} Nevertheless, the trial court determined that appellant's motion was untimely for his failure to state operative facts in the form of affidavits, depositions, and the like to explain the 34-year delay since the January 26, 1990 judgment. We disagree.

15.

**{¶ 39}** Appellant argues the original judgment became dormant on January 26, 1995. The lack of evidentiary support for the existence and effect of the alleged 1992, 2000, and 2022 certificates of judgment were previously discussed. Even assuming the trial court was correct that the 1992 and 2000 certificates prevented the original judgment from becoming dormant until 2005, appellee does not deny that she took no action to revive the dormant judgment pursuant to R.C. 2325.18(A) prior to seeking to enforce it in Kentucky on January 8, 2024.

**{¶ 40}** Appellant explained: "To defend against Defendant's Kentucky filings, Plaintiff is now forced to seek an order pursuant to Civ.R. 60(B)(4), (5) finding that the judgment upon which Defendant's Complaint is based is permanently dormant and unenforceable due to Defendant's failure to revive the judgment within the required statutory period." Appellant's arguments of judgment-dormancy-without-revival are derived directly from the record in Ohio and the applicable Ohio statutes. When viewed in this light, we find that appellant's motion, filed on February 28, 2024, was a reasonable time from the triggering event on January 8, 2024.

**{¶ 41}** We find the trial court abused its discretion when it determined appellee had until 2026 to revive the dormant 1990 judgment based on unsupported and unwarranted findings regarding the 1992 and 2000 certificates of judgment absent from the record before us. Consequently, we are left with appellant's argument that the 1990 judgment became dormant on January 26, 1995, and appellee had 21 years, or until January 26, 2016, to initiate an action to revive the dormant judgment, which she did not

16.

do. Despite a misunderstanding of its duration, appellant nevertheless successfully points to the statute of limitations, R.C. 2325.18(A), to permanently bar appellee's efforts in 2022 and 2024 to enforce, without revival, the dormant 1990 judgment. *Cadles*, 2010-Ohio-2251, at ¶ 10 (6th Dist.).

### IV. Conclusion

{¶ 42} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed.

{¶ 43} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                 _____
                                                  JUDGE

Christine E. Mayle, J.             

Gene A. Zmuda. J.                _____
CONCUR.                                    JUDGE

_____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.